*Fang v. Holder*

BIA
Nelson, IJ
A087 755 707

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand fifteen.

PRESENT:
RALPH K. WINTER,
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

MEI LING FANG,
*Petitioner,*

v.        14-466
NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:       Gary J. Yerman, New York, New York.

FOR RESPONDENT:       Joyce R. Branda, Acting Assistant
Attorney General; Erica B. Miles,
Senior Litigation Counsel; David
Schor, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Ling Fang, a native and citizen of China, seeks review of a January 29, 2014, decision of the BIA, affirming an April 11, 2012, decision of an Immigration Judge ("IJ") denying Fang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Lin Fang,* No. A087 755 707 (B.I.A. Jan. 29, 2014), *aff'g* No. A087 755 707 (Immig. Ct. N.Y. City Apr. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum, an applicant like Fang, who has not suffered past persecution, must demonstrate an objectively reasonable fear of future persecution. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). There are two ways for an applicant to show objective fear: (1) offering evidence that she would be singled out individually for persecution; or (2) proving that a pattern or practice of persecution of persons similarly situated to her exists in her home country. *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); 8 C.F.R. § 1208.13(b)(2).

The agency reasonably found that Fang did not establish that she would be individually targeted for persecution, despite her credible testimony. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2004). Fang testified that although she was at a house church when government officials arrived, she was unsure as to whether they saw or recognized her. She suggested that one of the other church members may have provided her name under torture, but the agency reasonably found this assertion speculative as there is no evidence in the record to corroborate it. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129

3

(2d Cir. 2005). Fang did not present sufficiently reliable, objective evidence that the police identified her and have a continuing interest in her. Although Fang submitted letters from her mother and her two friends, the agency did not err in affording the letters diminished weight because her mother is an interested party, her friends were unavailable for cross examination, and the letters were clearly prepared for the purposes of litigation. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006). Further, even given probative weight, the letters do not establish that Chinese authorities have a continuing interest in Fang.

The agency also reasonably found that Fang failed to establish a pattern or practice of persecution in China of Christians. While the State Department Reports show that China restricts religious activities, they do not establish the type of systemic and pervasive threat of harm required to establish a pattern or practice of persecution against Christians. *See Santoso v. Holder,* 580 F.3d 110, 112 (2d Cir. 2009); *Jian Hui Shao*, 546 F.3d at 150 n.6 (citing *Mufied*, 508 F.3d at 92-93).

Fang references three country conditions reports not included in the administrative record to argue that the Chinese

4

government persecutes Christians. Even assuming we may consider these reports, they are consistent with those included in the administrative record.

Because Fang failed to demonstrate a well-founded fear of persecution, she necessarily could not meet the higher burden required for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5